FILED
COURT OF APPEALS
DIVISION II

2015 AUG 18 AM 9: 04

STATE OF WASHINGTON

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46106-4-II |
| Respondent, | |
| v. | |
| RUSSEL A. FORD, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Russel A. Ford appeals his sentences following his guilty pleas to two counts of felony eluding and three counts of theft of a motor vehicle. The sentencing court imposed sentences below the standard range for the three counts of theft of a motor vehicle, and also sentenced Ford to consecutive sentences, without entering findings of fact or conclusions of law supporting such sentences, as required by RCW 9.94A.535 and RCW 9.94A.589. The State concedes this error, but argues that we should remand for resentencing to allow the sentencing court to consider an exceptional sentence. Ford asks us to strike the improper consecutive sentences and allow him to serve the exceptional downward sentence of 24 months. Because the sentencing court erred by failing to enter findings supporting consecutive sentences or downward departures on any of Ford's counts, and because Ford raises issues on appeal that require a full resentencing, we reverse Ford's sentence and remand for a full resentencing.

## FACTS

Russel Ford pled guilty to counts 1 and 2 - felony eluding, and counts 3, 4, and 5 - theft of a motor vehicle, as alleged in the Second Amended Information. The Second Amended Information did not allege any aggravating facts for the charges. Ford's sentencing range was 14 to 18 months for the felony eluding charges and 43 to 57 months for the theft of a motor vehicle charges.

At the sentencing hearing, the State, according to the plea agreement, recommended 8 months on counts 1 and 2 and a total of 50 months on counts 3, 4, and 5 with all sentences to run concurrently. The sentencing court instead imposed sentences of 8 months each on counts 1 and 2, consecutive to each other, but concurrent to the sentences in the remaining counts; and 24 months each on counts 3, 4, and 5 consecutive to each other, but concurrent to the sentences in counts 1 and 2. Thus, the sentencing court imposed a sentence of 72 months of total confinement.

The sentencing court made the following comments during the hearing:

> [COURT]: I'm going to give the lawyers a little quiz here, unless they change the statute. You know, the difference between what they call concurrent sentences and consecutive is if they happen to be the same crime, the same time, with the same thought process going on. Okay. You have three separate matters on three separate days. They're not the same crimes. And so the issue of concurrent is not in my vocabulary when it comes down to him.

Verbatim Report of Proceedings (VRP) (March 24, 2014) at 8. The prosecutor tried to dispute the court's interpretation of the statute:

> [PROSECUTOR]: As far as consecutive or concurrent, because I am - they are all separate. . . . As far as consecutive or concurrent, because they count against one another, in other words because he's getting an extra point for every count that I - that I added on to this - to this charge, they are presumptively concurrent.

No. 46106-4-II

[COURT]:    I'm not bound by that. On each one of the eludings, eight months consecutive. On the other charges, 24 months consecutive.

VRP (March 24, 2014) at 9.

Ford appeals the sentencing court's decision to run his sentences consecutively. The State did not appeal the sentencing court's exceptional sentences downward on counts 3, 4, and 5.

ANALYSIS

Ford argues that the sentencing court violated RCW 9.94A.589(1)(a) when it ordered consecutive terms for multiple current offenses. The State concedes that the sentencing court erred when it imposed an aggravated exceptional sentence without making findings supporting such a sentence. Ford argues that, because the State did not appeal the sentence, the proper remedy is for this court to "vacate that portion of the judgment and sentence that orders the counts to run consecutively and remand for entry of an order clarifying that the sentences shall run concurrently." Br. of Appellant at 10. The State argues that Ford's remedy is for us to remand for a full resentencing. We agree with the State.

I. THE SENTENCING COURT IMPOSED AN ILLEGAL SENTENCE

Under RCW 9.94A.589(1)(a), a sentencing court must impose concurrent terms for multiple felony offenses sentenced on the same day unless the court declares an exceptional sentence under RCW 9.94A.535. And under RCW 9.94A.535, whenever a sentencing court imposes a sentence outside the standard sentence range, "the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." We review the legal justification for a sentence de novo. *State v. Stubbs*, 170 Wn.2d 117, 124, 240 P.3d 143 (2010).

3

Here, the sentencing court did not claim to be imposing a sentence under RCW 9.94A.535 and did not enter findings or conclusions in support of an exceptional sentence. Rather, the sentencing court's statement at the time of sentencing reveals that the court did not consider itself bound by that provision, and was likely confusing the law regarding concurrent sentences with that of same criminal conduct.

Because the sentencing court violated the plain language of RCW 9.94A.535 and RCW 9.94A.589(1)(a) when it imposed consecutive sentences in this case, we accept the State's concession that the sentencing court erred by imposing an exceptional sentence.

## II. THE PROPER REMEDY IS REMAND FOR A FULL RESENTENCE

Ford argues that because the State never appealed the sentencing court's decision to impose sentences that were below the standard range, it is precluded from arguing such error on appeal. RAP 2.4(a) (a respondent in an appeal may seek affirmative relief from portions of a trial court's decision only if the respondent timely files a notice of appeal).

Ford contends that we must strike his consecutive sentences and impose a 24-month sentence. We disagree.

RAP 2.4(a) limits the circumstances under which a respondent may seek affirmative relief:

The appellate court will grant a respondent affirmative relief by modifying the decision which is the subject matter of the review only (1) if the respondent also seeks review of the decision by the timely filing of a notice of appeal or a notice of discretionary review, or (2) if demanded by the necessities of the case.

4

No. 46106-4-II

The State seeks affirmative relief because it asks for partial reversal of the sentencing court's court order, rather than merely advancing an alternative argument for affirming the court. *State v. Sims*, 171 Wn.2d 436, 443, 256 P.3d 285 (2011). Thus, our inquiry turns to whether the necessities of this case demand a full resentence.

Ford relies on *Sims* to support his argument that we must remand to strike the consecutive sentences and allow him to serve a 24-month sentence. In *Sims*, the defendant argued, and the State conceded, that a banishment condition in his special sex offender sentencing alternative (SSOSA) sentence was unconstitutional. *Sims*, 171 Wn.2d at 440. The Court of Appeals agreed but held that the trial court on remand would have discretion to either impose or deny a SSOSA. *Sims*, 171 Wn.2d at 441. The State Supreme Court reversed the Court of Appeals in part, ruling that because Sims only challenged a condition of the SSOSA sentence, and because the State did not cross-appeal the SSOSA, the State could not seek denial of the SSOSA on remand. *Sims*, 171 Wn.2d at 449. Although the Supreme Court acknowledged that such relief would be available under RAP 2.4(a) if demanded by the necessities of the case, it concluded that such necessities had not been shown, particularly given the chilling effect that such relief would have on Sims' constitutional right to appeal. *Sims*, 171 Wn.2d at 449.

Here, the necessities of the case demand a full resentence. Ford has raised issues on appeal that call his entire sentence into question and require a full resentence, not just a striking of the consecutive sentences. Because the sentencing court failed to enter findings of fact and conclusions of law to support either an upward or downward deviation, and because the sentencing court expressed no legally justifiable reasons to impose an exceptional sentence, a full resentence

No. 46106-4-II

hearing is the only appropriate remedy. Accordingly, we reverse Ford's sentence and remand for a full resentencing before a different judge.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
MAXA, P.J.

_____
LEE, J.

6